EX PARTE PEDRO FERRÁ, Petitioner and Appellant.

No. 8615.   Argued February 2, 1943.—Decided February 11, 1943.

E. Pérez Casalduc for apellant.   R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for The People.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On July 2, 1942, the appellant, through Attorney E. Pérez Casalduc, filed in the lower court a petition for habeas corpus, alleging that he had been deprived of his liberty by the warden of the Municipal Jail of Arecibo and that the illegality of his imprisonment consisted in that he had not committed any offense.   The writ was issued immediately, and the hearing having been set for two o'clock in the afternoon of that same day, the respondent appeared and brought

with him the petitioner, whereupon the hearing was held with the appearance of the petitioner represented by his attorny and the warden by the district attorney. The respondent offered in evidence, which was admitted without any objection, an order of imprisonment signed by the Municipal Judge of Arecibo addressed to the respondent as warden of the Municipal Jail of Arecibo, notifying him that said judge had issued an order to arrest Pedro Ferrá for violation of §1 of Act No. 42 of 1917 (Laws of 1917, vol. II, p. 336) and that he ordered him to receive and keep him in custody until he was legally discharged. At the foot of the order of imprisonment a bond for $500 was fixed for his provisional liberty.

After the evidence of the district attorney had been heard, consisting of respondent's testimony and of the order of imprisonment which we have already mentioned, the court informed the petitioner that his petition for habeas corpus was insufficient, and granted him leave to amend the same, which petitioner refused. He insisted, through his attorney, that his petition was sufficient. The petitioner did not adduce any evidence and the lower judge under the title of ''Decision'' rendered judgment denying the petition for habeas corpus. From that judgment the present appeal has been taken.

■■ The petition for habeas corpus is clearly insufficient. It is not alleged therein that the judge who issued the order of imprisonment lacked jurisdiction to render the same or that the order of imprisonment was for any other reason void or that there did not exist probable cause for the arrest of the petitioner. It is true that the defendant alleged that he had not committed any offense, but that allegation does not necessarily mean that there did not exist any probable cause against him. The innocence or guilt of the defendant should not be determined within a habeas corpus proceeding, but at a proper trial.

In our opinion, the lower court did not commit any error in dismissing the petition for habeas corpus. Moreover, in view of the attendant circumstances, it could have denied it flatly, refusing to issue the writ.

For the reasons stated, the appeal must be denied and the judgment appealed from affirmed.